**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **OLIVER MACKLIN,** | : | **CIVIL ACTION** |
| **Petitioner** | : | |
| | : | |
| **vs.** | : | **NO.  97-2865** |
| | : | |
| **SUPERINDENTENT SCI, et al.,** | : | |
| **Respondents** | : | |

## M E M O R A N D U M

**STENGEL, J.**                                       **September  17, 2013**

Petitioner Oliver Macklin filed his third *pro se* motion pursuant to Rule 60(b) of

the Federal Rules of Civil Procedure seeking relief from the Orders of this court dated

October 28, 2013 and March 28, 2013, which both denied 60(b) relief from this court's

Order dated June 30, 1998, denying his petition for writ of *habeas corpus*.

In his second motion for 60(b) relief, Mr. Macklin indicated that

> "On July 9, 1985, Frank Jose Brown was shot dead in the
> presence of David Sheppard and James Grant in Brown's
> residence, who was a low level drug dealer.  Sheppard
> and Grant alleged Petitioner and codefendant James
> Moody entered, Moody with a handgun, a scuffle ensued
> and Brown was shot through the heart.
>
> On April 26, 1986, Petitioner was convicted by a jury of
> second degree murder and criminal conspiracy before the
> Honorable Marvin Halbert … in the Court of Common
> Pleas of Philadelphia County.
>
> On September 24, 1986, Petitioner was sentenced to life
> imprisonment and a concurrent term of 5 to 10 years."

<u>See</u> Document #27 at 1.

In his current motion for 60(b) relief, Mr. Macklin claims that his:

> "third PCRA petition should not have been dismissed as untimely in that he has alleged that he is actually innocent of the crime, and the fraud upon the court by his counsel and the prosecution constitute a miscarriage of justice entitling petition to relief."

See Document #32 at 9. Mr. Macklin attempts to prove his actual innocence by claiming that he had received, through his mother, a copy of the affidavit of David Sheppard dated June 2, 2005,

> "stating that he was threatened with prosecution by the police if he did not give the testimony he gave at petitioner's joint trial implicating petitioner and co-defendant Moody which was false."

Id. at 10. Mr. Macklin does not include a copy of the affidavit with his motion. He claims, however, that he used Mr. Sheppard's affidavit as newly discovered evidence in this third PCRA petition which he filed on July 20, 2006. The petition was dismissed on November 5, 2007, as untimely without a hearing, and the dismissal was affirmed by the Pennsylvania Superior Court on December 12, 2008. The Pennsylvania Supreme Court denied *allocator* on May 28, 2009. Id.

Mr. Macklin insists, however, that he is entitled to 60(b) relief based upon a recent decision[1] of the U.S. Supreme Court which "held that a credible gateway claim alleging

---

[1] On May 28, 2013, the U.S. Supreme Court held in McQuiggin v. Perkins that a "colorable" claim of actual innocence constitutes an equitable exception that can overcome the bar of the AEDPA one-year statute of limitations. 133 S. Ct. 1924. "Colorable," as that term has been used in the context of considering whether a "miscarriage of justice" warrants excusing procedural defaults, means "reliable evidence of factual innocence." Schlup v. Delo, 513 U.S. 298, 324 (1995). To establish a colorable claim of actual innocence, a petitioner must show, usually by way of new evidence, that it is more likely than not, that no reasonable jury would

that a constitutional violation led to the conviction of an innocent person is not time-barred." <u>McQuiggin v. Perkins</u>, 133 S.Ct. 1924 (2013).

Rule 60(b) of the Federal Rules of Civil Procedure permits a district court to grant relief from a final judgment based upon fraud, misrepresentation or misconduct by an opposing party; because the judgment is void; or "any other reason that justifies relief." FED.R.CIV.P. 60(b)(3), (4) and (6). In evaluating a Rule 60(b) motion, the district court must determine whether the AEDPA's limits on successive petitions apply. <u>See</u> <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 529 (2005). A Rule 60(b) motion shall be treated as a successive *habeas* petition if it is "in substance a *habeas corpus* application." <u>Id.</u> at 531. If the motion is construed as a second or successive *habeas* petition, the district court does not have jurisdiction to entertain the motion unless the petitioner is authorized by the court of appeals to file a successive petition. <u>See</u> <u>Burton v. Stewart</u>, 549 U.S. 147, 153 (2007).

In <u>Gonzalez</u>, the Supreme Court provided several examples of Rule 60(b) motions that were actually *habeas* claims, including a motion seeking leave to present newly discovered evidence, a motion attacking the effectiveness of trial counsel, and a motion seeking relief for "any other reason" under Rule 60(b)(6). <u>Id.</u>; <u>see also</u> <u>Pridgen v.</u>

---

have convicted him. <u>Schlup</u>, 513 U.S. at 327; <u>Glass v. Vaughn</u>, 65 F.3d 13, 16-17 (3d Cir. 1995). This showing requires "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." <u>Schlup</u>, 513 U.S. at 324; <u>see also</u> <u>Cristin v. Brennan</u>, 281 F.3d 404, 420-421 (3d Cir. 2002). Here, the proposed evidence of an affidavit is certainly not new given the fact that Mr. Macklin was aware of its existence in 2006. It is further neither exculpatory scientific evidence nor critical physical evidence. Finally, as the affidavit was not attached to the motion, it is impossible to evaluate its reliability.

Shannon, 380 F.3d 721, 727 (3d Cir. 2004) ("[W]hen the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive *habeas* petition.")

Here, a review of the argument advanced in support of Mr. Macklin's current Rule 60(b) motion reveals that it is, in essence, a second *habeas* petition. Mr. Macklin claims that he presented evidence to the state in his third PCRA petition which showed "that a critical Commonwealth witness admitted to providing false testimony implicating [Mr. Macklin] in the crime for which [Mr. Macklin] was convicted." See Document #32 at 11. He further argues that "it was a manifest procedural defect for failing to conduct an analysis of the gateway claim of actual innocence before making the decision to deny the 2254 *habeas corpus* petition.[2]" Id. Despite Mr. Macklin's assertions to the contrary, the current motion simply seeks to re-litigate his claim that newly discovered exculpatory evidence should be reviewed. Mr. Macklin raised this claim in post-conviction relief petitions in state court. Those petitions were denied. Mr. Macklin also sought permission from the Court of Appeals for the Third Circuit to file a second or successive *habeas* petition to have the claim of newly discovered evidence considered. On August 19, 2010, the court denied the request:

> The foregoing application under 28 U.S.C. § 2244 to file a second or successive *habeas corpus* petition is denied. Although Petitioner purports to have newly discovered evidence of his actual innocence, the record shows that petitioner knew of the factual predicate for this claim at least nine years ago when he filed his second petition for

---

[2] I note that when the petition for writ of *habeas corpus* was denied in 1998, the affidavit allegedly exonerating Mr. Macklin had yet to be written.

> post-conviction relief with the state court. He has thus failed to make a *prima facie* showing that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence." <u>See</u> 28 U.S.C. § 2244(b)(2)(B)(i).

<u>In re: Oliver Macklin</u>, No. 09-2851 (3d Cir. Aug. 19, 2010) (Order denying request to file second or successive *habeas corpus* petition). Mr. Macklin's current motion for 60(b) relief, then, is an improper attempt to pursue a successive *habeas* petition after the Third Circuit had already denied him permission to do so. Moreover, Mr. Macklin has not demonstrated that there was fraud or any other defect in the integrity of the *habeas corpus* proceedings as is required. Finally, I note that Mr. Macklin has not demonstrated extraordinary circumstances or any other grounds for vacating the determination of his petition for *habeas corpus* relief.

Accordingly, because this court lacks jurisdiction to consider the motion, I will deny it in its entirety. An appropriate Order follows.